**KALIELGOLD PLLC**
Sophia Goren Gold (SBN 307971)
*sgold@kalielgold.com*
950 Gilman Street, Suite 200
Berkeley, California 94710
Telephone: (202) 350-4783

**KALIELGOLD PLLC**
Jeffrey D. Kaliel (SBN 238293)
*jkaliel@kalielpllc.com*
Amanda J. Rosenberg (SBN 278507)
*arosenberg@kalielgold.com*
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telelphone: (202) 350-4783

**SHAMIS & GENTILIE, P.A.**
Andrew Shamis (*pro hac vice* to be filed)
*ashamis@shamisgentile.com*
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: (305) 479-2299

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| MARCELO MUTO, on behalf of himself and all others similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| v. | **[DEMAND FOR JURY TRIAL]** |
| FREEBIRD, | |
| Defendant. | |

1

**CLASS ACTION COMPLAINT**

Plaintiff Marcelo Muto ("Plaintiff"), on behalf of himself and all persons similarly situated, allege the following based on personal knowledge as to allegations regarding the Plaintiff and on information and belief as to other allegations.

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and a class of similarly situated individuals against Defendant Freebird, an e-commerce retailer offering shaving related products, ("Defendant" or "Freebird") arising from Defendant's fraudulent and unconscionable subscription enrollment and billing practices against consumers that never wanted or needed a subscription service.

2. Specifically, Freebird lures consumers into providing their credit card information based on the promise of the purchase of a single product from its website. But that representation is false.

3. In fact, using a series of deceptive design tricks, Freebird surreptitiously opts users into signing up for a subscription for additional products, then proceeds to charge consumers monthly subscription fees.

4. For example, Plaintiff purchased the Flex Series Shaving Kit from Freebird, relying on the cost of the product prominently displayed on the website. In the process of purchasing the Flex Series Shaving Kit, Plaintiff was tricked into also purchasing a subscription for razors that Plaintiff never wanted or needed.

5. Plaintiff and the Class have been injured by Defendant's deceptive and unlawful practices. Accordingly, Plaintiff brings this action on behalf of himself and the putative Class seeking actual damages, statutory damages, punitive damages, restitution, and an injunction to prevent Defendant from continuing to engage in its illegal billing practices described herein.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. § 1332(d), this Court has original jurisdiction because:

    a.     the proposed Class is comprised of at least 100 members; §1332(d)(5)(B);

    b.     at least one member of the proposed class is a citizen of a State other than California, §1332(d)(2)(A); and

      c.      the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs. § 1332(d)(2), (6).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Freebird is subject to personal jurisdiction here and regularly conducts business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## PARTIES

8. Plaintiff Marcelo Muto is a citizen of Indio, California.

9. Defendant Freebird is an e-commerce retailer headquartered in Monroe Township, New Jersey.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

**A.  Freebird's Website Fails to Bind Users to Any Terms of Service**

10. Freebird offers a variety of shaving related products through its e-commerce website.

11. Freebird customers may place order shaving products on Freebird's website.

12. When a consumer uses the Freebird website, she may choose to create an account.

13. In order to do so, a user enters in a name and contact information.

14. Users do not affirmatively agree to any terms of service when ordering on the Freebird website.

**B.  Freebird Prominently and Plainly Represents Prices That Are False.**

15. Freebird prominently features product prices on its website.

16. Such price representations are made on the landing page of the product and all subsequent pages displayed during the ordering process.

**C.  Freebird Omits and Conceals Material Facts About the Costs of Freebird Products**

17. Freebird tricks its consumers into purchasing subscription plans they never needed or wanted through a series of deceptive design tricks.

18. As seen in the below screenshot, at the very top, Freebird warrants twice in a prominent, bold font, that the FlexSeries Shaving Kit costs $69.95.

///

///

3

**CLASS ACTION COMPLAINT**



19. There is no mention that the advertised $69.95 price is only the cost of the FlexSeries Shaving kit *if a subscription is purchased* until the user scrolls down to the preselected option to purchase the shave kit *plus* blade subscription at $69.95.

20. Then, right below the pre-selected option to purchase the FlexSeries Shaving Kit, the user is asked to add the purchase to her virtual cart via a bright red large button.

21. Only after the bright red "Add to Cart" button does an option appear in a font so light that it blends in with the background of the page to purchase the shave kit only, without the subscription, at the increased price of $79.99.

22. Thus, consumers are tricked into selecting the option for purchasing the blade subscription even if they intended to only purchase a single product.

23. The representation that the Flex Series Shaving Kit is $69.95 continues when consumers go to checkout and purchase from their online shopping cart. Adding to the confusion and deception, even if a consumer does catch the tiny words stating "blade refill every 6 weeks", the consumer still would not understand that the blade refill comes at an additional price, because Freebird advertises here that the Flex Series Shaving Kit plus blade refills is $69.95:

///

///

///

24. The same deception continues on the checkout page, where consumers are asked to pay for their purchase, understanding that they are either purchasing a single product, or that they are purchasing a product plus blade subscription for the sole price of $69.95.

25. Worse yet, the confirmation email consumers receive after a purchase never informs users that they enrolled in a subscription. The user is not aware of the subscription until they receive and are charged for their blades weeks later, and need to go through the hassle of cancelling and returning those blades.

### D. Numerous Consumer Complaints Confirm Plaintiff's Experience is Not Unique

26. Numerous consumer complaints confirm Plaintiff's experience is far from unique:

> On 7/4/2022 I ordered a shaver for my husband. We received the product with no hassle. But, like many other complaints on here about this company, On 8/11/2022 I received an email that another shipment was on the way. This company does not make it clear that you are subscribing to an auto shipment service. I would like to know where they are notifying consumers before purchase that this is a subscription service. This fraudulent company charged my card $19.43 for a blade refill, which is not needed with these type of shavers. They will not answer the phone for customer service support. For all consumers who read this, please go to the FTC and file a complaint with them as well. There are way too many complaints about this company making fraudulent charges for something not to be done about it.[1]

> Clicked on the ad which was on ********* went to the site and purchased the item. I used PayPal for a one time purchase purchase, but when I check ****** it was set up for automatic payment payment. I canceled the automatic payment, but the charge went through. Also I never received confirmation of the order. Tried contact with the company but it is impossible to get in touch with them. I am now requesting a refund.[2]

> I purchased a shaving system after seeing an ad on *********. This was a Christmas present for my husband. It is an awful product. Does not shave the way it should and my husband hates it! I did not know that I would be incurring a recurring charge for refill razor heads. I have attempted to contact the business multiple times to cancel with no response. I have now had to go to my credit card company to stop the recurring charges. This is an awful business scam![3]

### E. Plaintiff's Experience

27. Plaintiff purchased a FlexSeries Shaving kit in 2021. Plaintiff did not intend to purchase a subscription

28. Plaintiff was surprised to learn several months later, upon reviewing his credit card statements, that he purchased a blade subscription at an additional cost.

---

[1] https://www.bbb.org/us/pa/allentown/profile/electric-shaver/freebird-formerly-freedom-grooming-0241-236050881/complaints (last accessed June 1, 2023).

[2] *Id.*

[3] *Id.*

# CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements.

> All consumers in the United States who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, purchased a product from Freebird simultaneously with a subscription product.

30. Excluded from the Class are Freebird, its parents, subsidiaries, affiliates, officers and directors, any entity in which Freebird has a controlling interest, all personal accountholders who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

31. The members of the Class are so numerous that joinder is impractical. The Class consist of at least thousands of members, the identity of whom is within the knowledge of, and can be ascertained only by resort to, Freebird's records.

32. The claims of the representative Plaintiff are typical of the claims of the Class he seeks to represent in that the representative Plaintiff, like all members of the Class, was charged improper and deceptive fees as alleged herein. The representative Plaintiff, like all members of the Class, was damaged by Freebird's misconduct in that he was enrolled in a subscription service when he attempted to make a single purchase. Furthermore, the factual basis of Freebird's misconduct is common to all members of the Class and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the Class. And Freebird has no unique defenses that would apply to Plaintiff and not the Class.

33. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual members of the Class.

34. Among the questions of law and fact common to the Class include the following:

   a. Whether Freebird's enrollment of consumers in subscription products was unfair, deceptive, or misleading;

   b. Whether Freebird deceptively represented the price of its products;

   c. The proper method or methods by which to measure damages and/or restitution and/or disgorgement; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and injunctive relief and the nature of that relief.

35. Plaintiff's claims are typical of the claims of other members of the Class, in that they arise out of the same wrongful subscription policies and practices. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other member of the Class.

36. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, consumer class actions against financial institutions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual member of the Class' claim is small relative to the complexity of the litigation, and due to the financial resources of Freebird, no member of the Class could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the members of the Class will continue to suffer losses and Freebird's misconduct will proceed without remedy.

38. Even if members of the Class himself could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

39. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its treatment as a class action.

40. Freebird has acted or refused to act on grounds generally applicable to each of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each Class as a whole.

41. All conditions precedent to bringing this action have been satisfied and/or waived.

# CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF
**Violation of California's Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*

42. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

43. California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice." Freebird's conduct related to deceptively enrolling consumers in subscriptions that they did not want or need and misrepresenting prices on subscriptions violates each of the statutes' "unfair," "unlawful," and "fraudulent" prongs.

44. The UCL imposes strict liability. Plaintiff need not prove that Freebird intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

45. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

46. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

47. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

48. Freebird committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.,* by deceptively enrolling consumers in subscriptions that they did not want or need and misrepresenting the price of those subscriptions.

49. Defendant's acts and practices offend an established public policy of price transparency in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

50. The harm to Plaintiff and the Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

51. Defendant's conduct also constitutes an "unlawful" act under the UCL because, as detailed in Plaintiff' Second Claim for Relief below, it also constitutes a violation of sections 1770(a)(5) and (a)(9) of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq., infra,* in that Freebird deceptively represents that it provides products for listed prices; in reality, however, this marketing message is false because Freebird surreptitiously enrolls consumers in additional subscriptions and charges consumers for those subscriptions.

52. Freebird's business practices have misled Plaintiff and the proposed Class and will continue to mislead them in the future.

53. Plaintiff relied on Defendant's misrepresentations about the falsely advertised cost of products in ordering products from Defendant.

54. By falsely marketing the true costs of products, Freebird deceived Plaintiff and Class members into making products purchases they otherwise would not make.

55. Had Plaintiff known the truth of the purchase, *i.e.,* that Freebird secretly enrolled consumers in subscription services, he would have ordered shaving products from another provider.

56. As a direct and proximate result of Freebird's unfair, fraudulent, and unlawful practices, Plaintiff and Class members suffered and will continue to suffer actual damages. Defendant's fraudulent conduct is ongoing and present a continuing threat to Class members that they will be deceived into ordering products.

57. As a result of its unfair, fraudulent, and unlawful conduct, Freebird has been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Consumer Legal Remedies Act ("CLRA")**
**Cal. Civ. Code § 1750,** *et seq.*

58. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

59. This cause of action is brought pursuant to the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, *et seq.* Plaintiff and each member of the proposed Class are "consumers" as defined by California Civil Code § 1761(d). Defendant's sale of products to consumers were "transactions" within the meaning of California Civil Code § 1761(e). The products purchased by Plaintiff and the Class

are "goods" within the meaning of California Civil Code § 1761(a).

60. Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Freebird products orders:

    a. "Representing that goods or services have . . . characteristics . . . that they do not have" (a)(5); and

    b. "Advertising goods or services with intent not to sell them as advertised" (a)(9).

    c. Section 1770(a)(20) provides that sellers cannot "[a]dvertis[e] that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but is not limited to, shelf tags, displays, and media advertising, in a size larger than any other price in the advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product." Cal. Civ. Code § 1770(a)(20).

61. Specifically, Freebird advertises to customers in large font that its products are a certain price, but this is false because that price is only the price if the consumer enrolls in a subscription, which Defendant tricks consumers into enrolling into.

62. At no time does Freebird openly disclose the true nature of its price to consumers; instead, it repeatedly conceals and misrepresents this material information at several steps of the transaction process.

63. Pursuant to § 1782(a) of the CLRA, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiff will move to amend his Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendant.  As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

///

**THIRD CLAIM FOR RELIEF**
**Breach of Contract**
**(On behalf of the Class)**

94. Plaintiff repeats and re-alleges the above allegations as if fully set forth herein.

95. Plaintiff and Freebird have contracted for products, as embodied in the representations made on Freebird's website and throughout the transaction process.

64. No contract provision authorizes Freebird to be able to charge more than the advertised price of the product, enroll unsuspecting customers in subscription services, and charge customers for subscription services they do not want or need.

65. Freebird breached the terms of its contract with consumers by enrolling consumers in subscriptions that consumers did not intend to purchase, and charging consumers an amount beyond the price of the product for that subscription.

79. Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the contract.

80. Plaintiff and members of the Class have sustained damages as a result of Freebird's breach of the contract and breach of the implied covenant of good faith and fair dealing.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class demand a jury trial on all claims so triable and judgment as follows:

1. Declaring Freebird's subscription policies and practices to be wrongful, unfair, and unconscionable;

2. Restitution of all subscription fees paid to Freebird by Plaintiff and the Class, as a result of the wrongs alleged herein in an amount to be determined at trial;

3. Disgorgement of the ill-gotten gains derived by Freebird from its misconduct;

4. Actual damages in an amount according to proof;

5. Punitive and exemplary damages;

6. Pre-judgment interest at the maximum rate permitted by applicable law;

7. Costs and disbursements assessed by Plaintiff in connection with this action, including

reasonable attorneys' fees pursuant to applicable law; and

8. Such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Complaint that are so triable as a matter of right.

Dated: June 27, 2023

**KALIEL GOLD PLLC**

By: *Sophia Gorin Gold*
Sophia G. Gold
Jeffrey D. Kaliel
Amanda J. Rosenberg

SHAMIS & GENTILE, P.A.
Andrew Shamis (*pro hac vice* to be filed)

*Attorneys for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT